IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOHN RODRIGUEZ,** | **6:13-CV-00722-BR** |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN,**<br>**Commissioner, Social Security**<br>**Administration,**[1] | |
| Defendant. | |

**BRUCE W. BREWER**
P.O. Box 421
West Linn, OR 97068
(360) 688-0458

      Attorney for Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**GERALD J. HILL**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2139

          Attorneys for Defendant

**BROWN, Judge.**

Plaintiff John Rodriguez seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for DIB on July 6, 2010,

2 - OPINION AND ORDER

alleging a disability onset date of June 24, 2010.  Tr. 100.[2]
The application was denied initially and on reconsideration.  An
Administrative Law Judge (ALJ) held a hearing on March 12, 2012,
and a supplemental hearing on July 17, 2012.  Tr. 37-68, 69-77.
At the hearings Plaintiff was represented by an attorney.
Plaintiff testified at the first and second hearings, and a
vocational expert (VE) testified at the second hearing.

The ALJ issued a decision on August 7, 2012, in which he
found Plaintiff is not disabled and, therefore, is not entitled
to benefits.  Tr. 16-36.  Pursuant to 20 C.F.R. § 404.984(d),
that decision became the final decision of the Commissioner on
February 26, 2013, when the Appeals Council denied Plaintiff's
request for review.


## BACKGROUND

Plaintiff was born June 24, 1965; was 46 years old at the
time of the first hearing; and was 47 years old at the time of
the second hearing.  Tr. 100.  Plaintiff completed high school.
Tr. 43.  Plaintiff has past relevant work experience as a sales-
route driver.  Tr. 29.

Plaintiff alleges disability due to a "back disorder" and
numerous surgeries.  Tr. 78.

---

[2] Citations to the official transcript of record filed by
the Commissioner on September 5, 2013, are referred to as "Tr."

3 - OPINION AND ORDER

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 25-28.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as

4 - OPINION AND ORDER

adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir.

5 - OPINION AND ORDER

2007).  *See also* 20 C.F.R. § 404.1520.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A

6 - OPINION AND ORDER

'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

**ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since his June 24, 2010, alleged onset date.  Tr. 21.

At Step Two the ALJ found Plaintiff has the severe impairments of lumbar radiculopathy, carpal-tunnel syndrome, lumbar stenosis, lumbar spondylosis, herniated disc, "L3-4 radiculopathy with foraminal stenosis at L3-4 and L4-5," moderate obstructive sleep apnea, major depressive disorder, and anxiety disorder.  Tr. 21.  The ALJ found Plaintiff's impairments of glaucoma, gout, and hip pain to be nonsevere.  Tr. 22.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 56.  The ALJ found Plaintiff has the RFC to perform sedentary work.  Tr. 24.  The ALJ found Plaintiff can stand and/or walk for two hours in an eight-hour work day; can sit for six hours in an eight-hour work day; can occasionally climb ramps and stairs, balance, and stoop; can never kneel, crouch, crawl, or climb ladders, ropes, or scaffolds; and "should avoid" exposure to unprotected heights, walking on uneven terrain, and all moving machinery.  Tr. 24.  The ALJ found Plaintiff "can be off task for five percent of the work day, can experience only occasional changes in the work setting, and can

only occasionally engage in decision making." Tr. 24.

At Step Four the ALJ concluded Plaintiff was unable to perform his past relevant work as a sales-route driver. Tr. 28.

At Step Five the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy. Tr. 29. Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly rejected Plaintiff's testimony; (2) improperly gave "little weight" to the opinion of treating physician Janey Purvis, M.D.; (3) improperly rejected lay-witness testimony; and (4) did not give a complete hypothetical to the VE.

**I. The ALJ gave clear and convincing reasons for partially rejecting Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when he failed to give clear and convincing reasons for partially rejecting Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony: The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986). The claimant, however, need not produce objective

9 - OPINION AND ORDER

medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

At the first hearing in March 2012 Plaintiff testified he has to lie down three-to-four times during the day, he cannot prepare meals or wash dishes without sitting down, he uses a shower chair, he cannot put on or tie his shoes without difficulty, he cannot consistently lift ten pounds, he cannot bend down to pick things up off of the floor when he drops them, and he has difficulty reaching overhead.  Plaintiff testified his limitations are due to his surgeries and back pain.

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause [Plaintiff's] alleged symptoms," but he concluded Plaintiff's testimony "concerning the intensity, persistence, and limiting effects" of his symptoms "are not credible to the extent they are

10 - OPINION AND ORDER

inconsistent with the [RFC]."  Tr. 27.

The ALJ noted the record reflects periods of time after Plaintiff's alleged onset date during which he stopped taking pain medication.  The ALJ also noted Plaintiff stopped working in June 2010 for reasons unrelated to his impairments.  Specifically, Plaintiff reported he lost his job because he lost his certified drivers license after receiving a citation for driving under the influence of alcohol.

The ALJ also pointed out that Mike Henderson, M.D., examining physician, noted on April 30, 2012, that "[t]here were discrepancies between [Plaintiff's] history today and [his] previous medical records that were quite significant."  Tr. 1793.  Dr. Henderson noted the record reflects Plaintiff reported his pain level is typically between two and six out of ten, but Plaintiff reported to Dr. Henderson that his pain level is typically six or seven out of ten.  Tr. 1792.  For example, on April 24, 2012, which was six days before Plaintiff's examination with Dr. Henderson, Plaintiff's treating physician, Kent Yundt, M.D., reported Plaintiff "actually says he is doing 'well', which is a long time since I have heard [Plaintiff] say that. . . . [H]e is happy and this is the best I've seen him look in a long time."  Tr. 1925.

On this record the Court finds the ALJ provided clear and convincing reasons supported by substantial evidence in the

11 - OPINION AND ORDER

record for finding Plaintiff's testimony was not entirely credible as to the intensity, persistence, and limiting effects of his conditions.  The Court, therefore, concludes the ALJ did not err when he rejected Plaintiff's testimony in part.

**II.  The ALJ did not err when he gave little weight to the opinion of Dr. Purvis.**

On June 8, 2012, Dr. Purvis, treating physician, opened in a letter To Whom It May Concern that Plaintiff "is currently disabled, is expected to be disabled for the next 12 months," and is "limited from performing any substantial gainful activity on a sustained basis."  Tr. 1808.  The ALJ gave Dr. Purvis's opinion "little weight."  Tr. 28.

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."  *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32.

The ALJ noted Dr. Purvis did not cite any objective medical evidence in the record to support her opinion.  In addition,

12 - OPINION AND ORDER

Dr. Purvis failed to set out the impairments that she believed caused Plaintiff's disability and did not list any specific limitations caused by Plaintiff's impairments. *See Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."). In addition, the record reflects in April 2012 after Plaintiff had his final surgery to place a spinal cord stimulator (SCS) in his back, he was doing "well" and looked better than he had in a long time. Tr. 1925. On May 17, 2012, Dr. Yundt reported "[t]he SCS has given [Plaintiff] significantly improved management of his pain." Tr. 1927. On June 5, 2012, Plaintiff reported to Dr. Yundt that he was "50% better than he was before surgery and he has remained stable since his last visit." Tr. 1929. Dr. Yundt reported Plaintiff was "awake, alert, and cooperative. He is smiling and appears to be doing well." Tr. 1929.

On this record the Court concludes the ALJ did not err when he gave little weight to the opinion of Dr. Purvis because the ALJ provided clear and convincing reasons supported by substantial evidence in the record for doing so.

**III. The ALJ did not err when he rejected lay-witness statements.**

On July 30, 2010, Plaintiff's stepfather-in-law, Howard Rackley, filled out a Third-Party Adult Function Report in which

13 - OPINION AND ORDER

he noted Plaintiff could not sit or stand "very long," could not lift more than five pounds, needed a cane or walker to walk, used a shower chair, could not tie his own shoes, and could not stand long enough to prepare meals.  T. 271-73.  Rackley stated Plaintiff did not do house or yard work because "no bending, standing, or lifting!"  Tr. 273.  Rackley noted Plaintiff could "pay attention" for 20 minutes at a time and was depressed due to pain.  Tr. 276-77.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."  *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a claimant's disability, must give full consideration to the testimony of friends and family members.").  The ALJ's reasons for rejecting lay-witness testimony must also be "specific."  *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006).  When "the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination."  *Stout,* 454 F.3d at 1056.

14 - OPINION AND ORDER

The ALJ gave little weight to Rackley's Report on the grounds that Rackley stated he sees Plaintiff only eight hours per week and that Rackley's observations of Plaintiff "may not be reflective of [Plaintiff's] maximal capabilities," which the ALJ addressed in the context of partially rejecting Plaintiff's testimony and giving little weight to the opinion of Dr. Purvis. Tr. 28.

On this record the Court finds the ALJ did not err when he gave little weight to Rackley's Report because the ALJ provided specific reasons germane to Rackley for doing so.

**IV. The ALJ's vocational hypothetical to the VE was complete.**

Plaintiff asserts the ALJ erred when he failed to pose a complete hypothetical to the VE. Specifically, Plaintiff asserts the ALJ did not include in the hypothetical all of the limitations identified by Plaintiff.

Because the Court has concluded the ALJ properly rejected Plaintiff's testimony in part, properly gave little weight to the opinion of Dr. Purvis, and properly gave little weight to Rackley's Report, the Court also concludes the ALJ did not err when he did not include in his hypothetical to the VE the limitations set out by those sources.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the

15 - OPINION AND ORDER

Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 12th day of May, 2014.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

16 - OPINION AND ORDER